UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC GREENE,<br><br>        Plaintiff,<br><br>-against-<br><br>U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA,<br><br>        Defendant. | 24-CV-2937 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Los Angeles, California, brings this *pro se* action against the United States District Court for the Eastern District of California, asserting claims with respect to an action that Plaintiff filed in that court. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred in the United States District Court for the Eastern District of California. (ECF No. 1 at 2.) He does not name any individual Defendants, but merely asserts that the alleged events giving rise to his claims occurred in that court. Because the alleged events occurred in the Eastern District of California, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the Eastern District of California. *See* 28 U.S.C. § 84(a). Accordingly, venue lies in the Eastern District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of California, 28 U.S.C. § 1406(a).

## LITIGATON HISTORY

Plaintiff had "filed more than three hundred cases in other federal courts," many of which had been found to be "frivolous, malicious, or vexatious," and held that his "abuse of the judicial system precludes him from proceeding [*in forma pauperis*] in this Court," though he could pay the full filing fee to bring a new action in the Court of Claims. *See Greene v. United States,* No. 23-CV-1821 (MRS) (Ct. Cl. Jan. 29, 2024) Plaintiff has already been warned that filing frivolous, vexatious, or nonmeritorous litigation here may result in an order barring him from filing new actions IFP in this court unless he receives prior permission. *See Greene v. U.S. Dist. Ct. Eastern Dist. of Cal.*, ECF 1:24-CV-2077, 4 (LTS) (S.D.N.Y. Mar. 27, 2024), *appeal pending* (2d Cir.) That warning remains in effect.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 18, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge